

**FILED**

FEB 12 2007

U.S. BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br>ROBERT J. REIF dba PRONTO RESTORATION,<br><br>        Debtor. | Chapter 7<br><br>Case No. 4-05-06432-EWH |
| ROBERT J. REIF,<br><br>        Plaintiff,<br>v.<br>MELJEAN KASTER and THE STATE OF ARIZONA,<br><br>        Defendants. | Adv. No. 4-06-00084 |
| MELJEAN KASTER,<br><br>        Plaintiff,<br>v.<br>ROBERT J. REIF,<br><br>        Defendant. | Adv. No. 4-06-00087<br><br>**MEMORANDUM DECISION** |

## I. INTRODUCTION

Is a criminal restitution judgment dischargeable because it is payable to the victim and not the state? NO. The reasons for this conclusion are explained in the balance of this decision.

## II. FACTS

The Debtor was convicted of operating as an unlicensed contractor. He was fined $750 and a criminal restitution judgment was entered against him for $22,000 ("Restitution Judgment"). In 1998, an order was entered in Pima County Justice Court ("Justice Court Order") issuing a "transcript"[1] of restitution lien in favor of the Plaintiff for the then $11,802 unpaid principal amount of the Restitution Judgment. The Justice Court Order also provides: "said judgment, for purposes of federal bankruptcy law, is a criminal penalty under A.R.S. § 13-806(I)."

The Plaintiff filed this adversary proceeding seeking a determination that any remaining unpaid amounts of the Restitution Judgment are non-dischargeable under 11 U.S.C. § 523(a)(7). Both sides have filed motions for summary judgment and the matter is now ready for a decision.

## III. ISSUE

Is the Restitution Judgment non-dischargeable?

---

[1] A.R.S. § 13-806(A) permits the state or "any person entitled to restitution pursuant to a court order" to file a restitution lien without charge.

2

## IV. STATEMENT OF JURISDICTION

Jurisdiction is proper under 28 U.S.C. §§ 1334(a) and 157(a) and (b)(2)(J).

## V. DISCUSSION

A. Summary Judgment

Summary judgment may be granted when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Far Out Products v. Oskar, 247 F.3d 986, 992 (9th Cir. 2001). In this case, there is no dispute about the facts. The only question is whether the Restitution Judgment falls within the provisions of § 523(a)(7)[2]. The Debtor asserts that because the Restitution Judgment is only nominally in favor of the State of Arizona and is actually for the benefit of the Plaintiff, it is not "for the benefit of a governmental unit" and, therefore, is dischargeable. The Plaintiff's pleadings appear to assert that the Justice Court Order determined that the Restitution Judgment is non-dischargeable under the Bankruptcy Code.[3]

---

[2] 11 U.S.C. §523(a)(7) excepts from discharge a debt "to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty--
    (A) relating to a tax of a kind not specified in paragraph (1) of this subsection; or
    (B) imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition."

[3] The plaintiff is unrepresented. A substantial portion of her summary judgment pleadings are devoted to unsubstantiated factual allegations which are irrelevant and have, therefore, been ignored in this Memorandum Decision.

3

B. Preclusive Effect of the Justice Court Order

it is unclear whether the Justice Court had jurisdiction to determine the character of the Restitution Judgment for purposes of bankruptcy law. There are certain types of debt where dischargeability can only be determined by the federal court. See Rein v. Providian Financial Corporation, 270 F.3d 895, 904 n.15 (9th Cir. 2001) (§ 523(a)(2), (4), (6) and (15) are areas where the federal court has exclusive jurisdiction). Since this is a § 523(a)(7) debt, the Justice Court may have concurrent jurisdiction to determine if the Restitution Judgment is non-dischargeable. However, even if the Justice Court had concurrent jurisdiction, it only determined that the Restitution Judgment was a criminal penalty for purposes of federal bankruptcy law, something the Debtor does not dispute. This court must still determine if the Restitution Judgment is non-dischargeable where recovery of monies under the Restitution Judgment will be made by the Plaintiff and not by a governmental unit.

C. Dischargeability Does Not Depend on Who Receives the Actual Benefits of the Restitution Judgment

The Debtor argues that because the Restitution Judgment is in favor of the Plaintiff and not a governmental unit, it falls outside the scope of § 523(a)(7). The Debtor recognizes that the Supreme Court's decision in Kelly v. Robinson, 479 U.S. 36 (1986) presents a formidable obstacle to his argument. Kelly held that a state court criminal restitution order was non-dischargeable under § 523(a)(7). The Kelly decision departed from other Supreme Court decisions which have instructed bankruptcy courts to defer to the statutory language of the Code and to follow its "plain language." See United States v. Ron Pair Enterprises, 489 U.S. 235, 241 (1989). In Kelly, the court

4

rejected a strict focus on the language of § 523(a)(7) which appears to limit criminal non-dischargeable awards to those awards made to governmental units and focused instead on the history, policy, and prior-established precedent. Quoting Justice Douglas in Bank of Marin v. England, 385 U.S. 99, 103 (1966), the court said: "[W]e do not read the statutory words with the ease of a computer. There is an overriding consideration that equitable principals govern the exercise of bankruptcy jurisdiction." Kelly, 479 U.S. at 49. The court then stated:

> "the States' interest in administrating their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." Id. (citation omitted).

Notwithstanding that language, some circuit and bankruptcy courts have held that § 523(a)(7) is inapplicable where the restitution award is paid to a victim rather than a governmental unit. The Debtor relies on one such decision, In re Towers, 162 F.3d 952 (7th Cir. 1999), to support his argument that because the Restitution Judgment is payable to the Plaintiff, it is dischargeable. However, Towers is clearly distinguishable because it involved a civil restitution award. In Kelly, the court noted:

> "Section 523(a)(7) preserves from discharge any condition a state criminal court imposes as part of a criminal sentence." Kelly, 479 U.S. at 50 (emphasis added).

This is true even if the restitution is ultimately paid to the victim rather than the state and notwithstanding the fact that the restitution amount is equivalent to the victim's loss. Id., 479 U.S. at 51-52.

The Debtor also relies on an Idaho bankruptcy court decision, In re Ellis, 224 B.R. 786 (Bankr. D. Idaho 1998) in support of his argument that the Restitution

5

Judgment should be discharged. The Ellis court recognized the continued validity of Kelly, but held that the parents of a criminal offender could discharge a restitution award because the Idaho law which imposed the liability was "more a device to provide the victim with an opportunity to recover any economic loss, than a means to punish or rehabilitate the parent." 224 B.R. at 790. The Ellis case involves a narrow, factual situation where the criminal judgment of restitution was not entered against the actual criminal offender. It is distinguishable from this case where the Debtor was convicted of a criminal offense. More importantly, it is simply another bankruptcy court decision and is not the kind of binding authority represented by Kelly.

Finally, this court is persuaded that the narrow reading of Kelly urged by the Debtor would be "abhorrent" to the standards of federalism expressed in Kelly, which held that the Bankruptcy Code should not be interpreted so as to remit state criminal judgments. Warfel v. City of Saratoga (In re Warfel), 268 B.R. 205, 212 (9th Cir. B.A.P. 2001). Adopting the Debtor's position would also, as pointed out by Judge Klein in his concurrence in Warfel, create the anomalous situation of permitting the discharge of a criminal restitution award in a Chapter 7 case when such awards are non-dischargeable in Chapter 13 cases regardless of who is paid the award.[4]

## VI. CONCLUSION

Because the Restitution Judgment is part of a criminal judgment, it is non-dischargeable under 11 U.S.C. § 523(a)(7), regardless of who receives the restitution

---

[4] § 1328(a)(3) prohibits discharge of any criminal restitution award.

proceeds.  A judgment consistent with the terms of this decision will be entered this date.

    Dated this 12th day of February, 2007.

*Eileen W. Hollowell*
Eileen W. Hollowell
United States Bankruptcy Judge

Copy of the foregoing mailed this
12th day of February, 2007, to:

Dean A. Sipe, Esq.
Dean A. Sipe, PPC
6336 N. Oracle Rd., Suite 326
PMB #301
Tucson, AZ 85704-5505
Attorney for Robert J. Reif

Maljean Kaster
4501 North Musket Road
Marana, AZ 85653

Terry Goddard
Office of the Attorney General
1275 West Washington
Phoenix, AZ 85007

Barbara LaWall
Pima County Attorney
32 North Stone Avenue
Tucson, AZ 85701

Office of the U.S. Trustee
230 North First Ave., Suite 204
Phoenix, AZ 85003

By *[signature]*
    Judicial Assistant